B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>*(handwritten/stamped) 2018 SEP -3 PM 3:52* |
|---|---|

| PLAINTIFFS<br>RONNIE JEROME EGGERSON<br>DEBRA LOUISE EGGERSON | DEFENDANTS<br>US BANK TRUST NATIONAL ASSOCIATION AS<br>TRUSTEE PRP PALS INVESTMENT TRUST /<br>SN SERVICING CORP |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Ronnie Jerome Eggerson  Pro Se<br>8708 NORTH 52ND AVE<br>OMAHA, NE 68152<br>(402) 707-0590 | ATTORNEYS (If Known)<br>Kristin A. Zilberstine<br>1920 Old Tustin Avenue<br>Santa Ana, CA 92705<br>(949)427-2010 |
|---|---|

| PARTY (Check One Box Only)<br>■ Debtor         □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>□ Debtor         □ U.S. Trustee/Bankruptcy Admin<br>■ Creditor      □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
This is an action for actual and punitive damages filed by the Debtors / Plaintiffs Ronnie J. Eggerson and Debra L. Eggerson a married couple, (hereinafter "Plaintiffs" or "Debtors") pursuant to Sections 105, 501, 502, 503 and 506 of the Bankruptcy Code, and Rules 2016(a), 3001, 7001(1), 7001(2), 7001(7), 7001(8) and 7001(9) of the Federal Rules of Bankruptcy Procedure to determine the interest of the Defendants in the residential real estate of the Debtors and determine the amount of the allowed secured claim, if any, of the Defendants.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☑ 11-Recovery of money/property - §542 turnover of property
- ☑ 12-Recovery of money/property - §547 preference
- ☑ 13-Recovery of money/property - §548 fraudulent transfer
- ☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☑ 71-Injunctive relief – imposition of stay
- ☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☑ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ■ Check if a jury trial is demanded in complaint | Demand $ 2,000,000.00 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ronnie Jerome Eggerson and Debra Louise Eggerson | BANKRUPTCY CASE NO.<br>18-81307 | |
| DISTRICT IN WHICH CASE IS PENDING<br>NEBRASKA | DIVISION OFFICE<br>OMAHA | NAME OF JUDGE<br>Hon. Thomas Saladino |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>DATE<br>09/03/2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ronnie Jerome Eggerson | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RONNIE JEROME EGGERSON** | **CASE NO 18-81307** |
| **DEBRA LOUISE EGGERSON** | **ADVERSARY PROCEEDING** |
| **(Plaintiffs, )** | **CHAPTER 13** |
| **ADV. NO_____** | |

vs.

**U.S. BANK NATIONAL ASSOCIATION,**

**AS TRUSTEE, OF THE PRESTON RIDGE PARTNERS II PALS  INVESTMENT TRUST**

**and**

**SN SERVICING, CORPORATION**

**Defendants.**

---

SECTION 506(A) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF

SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM

AND COMPLAINT FOR DAMAGES, SANCTIONS AND INJUNCTIVE RELIEF

---

## I. INTRODUCTION

1.1 This is an action for actual and punitive damages filed by the Debtors / Plaintiffs

Ronnie J. Eggerson and Debra L. Eggerson a married couple, (hereinafter "Plaintiffs" or "Debtors")

pursuant to Sections 105, 501, 502, 503 and 506 of the Bankruptcy Code, and

Rules 2016(a), 3001, 7001(1), 7001(2), 7001(7), 7001(8) and 7001(9) of the Federal

Rules of Bankruptcy Procedure to determine the interest of the Defendants in the

residential real estate of the Debtors and determine the amount of the allowed

secured claim, if any, of the Defendants.

1.2 This Complaint focuses on the improper accounting of escrow, fees, charges and

misapplication of payments by SN Servicing in its claims as purported servicer.

1.3 This complaint focuses on the improper add on charges and fees reflecting in the

Defendants' proof of claim.

1.4 This Complaint focuses on the fraud perpetrated on the Court and the Plaintiffs by

filing a false proof of claim together with fraudulent documents in support thereof

and the Defendants fraudulent misrepresentation of the owner of the Debtors'

Mortgage Loan and the identity of the real party in interest.

## II. PARTIES

2.1 The Plaintiffs in this case were and are Debtors under Chapter 13 of Title 11 of the

United States Code in case number 18-81307, which case was filed on September

4, 2018. and is presently pending before this Court.

2.2 The Defendant SN Servicing Corporation is a corporation that services

residential mortgage loans. Defendant SN Servicing Corporation is headquartered in Eureka, CA.

SN Servicing Corporation purports to be the mortgage servicer of the mortgage loan

debt which is subject of this complaint. SN  Servicing Corporation may be served

at 323 5th Street Eureka, CA 95501.

2.3 The Defendant "U.S. Bank National Association, As Trustee, of the PRP II PALS Investment

Trust 7144 E. Stetson Dr. Suite 410 Scottsdale, AZ 85251.

The Trust may be served at U.S. Bank National Association, 60 Livingston Avenue EP-

MN-WS3D, St. Paul, Minnesota 55107-2292 or through it attorney Kristin A. Zilberstein at

Ghidotti Berger 1920 Old Tustin Avenue Santa Ana, CA 92705.

## III. COMPLAINT

### A. JURISDICTION

3.1 Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of

Title 28 of the United States Code in that this proceeding arises in and is related to the

Above captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that

case.

3.2 Jurisdiction is further conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C.

§§1331, 1337.

3.3 This Court has both personal and subject matter jurisdiction to hear this case

pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of

Title 28 of the United States Code.

3.4 This Court has supplemental jurisdiction to hear all state law claims, if any,

pursuant to Section 1367 of Title 28 of the United States Code.

3.5 The Plaintiffs s are informed and believe that this matter is primarily a core

proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

However, in the event this case is determined to be a non-core proceeding then and

in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy

Judge.

### B. VENUE

3.6 Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

### C. ADDITIONAL FACTS

3.7 On or about JULY 8, 1998  non-party "WMC  Mortgage Corp,"

(hereinafter "WMC" or "Originating Lender") made a mortgage loan to Plantiffs

pertaining to their primary residence located at 8708 North 52nd Ave Omaha,

Nebraska 68152  (the "Property"), referred to in this Complaint as the "First Mortgage Loan."

3.8 In connection with the First Mortgage Loan the Plantiffs, based on information and belief, executed a promissory note (the "First Mortgage Note") in the original principal amount of $98,625.00 payable to WMC Mortgage Corp.

3.9 The First Mortgage Note was secured by a Deed of Trust on the Property dated July 8, 1998 and based upon information and belief, is recorded in the Douglas County Nebraska, Office of the Register of Deeds (the "First Mortgage"), which named WMC Mortgage Corp. as the Lender.

3.10 The First Mortgage Loan is a consumer credit transaction within the meaning of, and subject to the Truth In Lending Act.

3.11 The First Mortgage Loan is a "federally related mortgage loan" as defined in 12 U.S.C.§ 2602(1).COUNT 1

## IV. OBJECTION TO PROOF OF CLAIM

4.1 The allegations of paragraphs 1.1 through 3.11 of this Complaint are hereby re-alleged and incorporated by reference

4.2 On or about November 9, 2018 US Bank and SN Servicing filed Proof of Claim Number 18-81307 identifying the Trust as the creditor and SN Servicing at 323 5th Street Eureka, CA as the party to contact for notice.

Main Document 1-38

US Bank and SN Servicing attached the following documents in support of its claim:

a. "Mortgage Proof of Claim Attachment" indicating allegations of amounts owed including unsubstantiated fees, charges ,Attorney's fees and interest on advances;

b. A Mortgage Escrow Statement dated June 2017 to September 2018;

c. A purported copy of the Debtors' Mortgage together with recording page, naming WMC Mortgage Corp as the Lender;

d. A purported copy of the Debtors'Adjustable  Rate Note naming WMC Mortgage

Corp as the Lender and further naming both Plaintiffs, (ie., Ronnie J.Eggerson and

Debra L. Eggerson as Borrowers; bearing an undated blank endorsement which reads as follows:

"Pay to the order of _____ without recourse, WMC Mortgage Corp signed by Jose A. Mina Asst.

Secretary.

e. An  Adjustable Rider Dated July 6,1998 together with a property description; and

f.A Home Affordable Modification Agreement dated December 13 , 2010 (not on

record with Douglas county Register of Deeds) signed by a Mr. Greg Ott  Vice

President of Select Portfolio Servicing.

g. A purported  Corporate Assignments of Deed of Trust" ( hereinafter the"Assignments")

Assignee is named  US Bank National Association, As Trustee, of PRP II Pals

Investment by Select portfolio Servicing as attorney in fact for Bank of New York Mellon Trust

Company N.A. F/K/A Bank of New York Trust Co.

Said Assignment further indicates it was prepared on November 25th 2015. Signed

on December 14, 2015 and filed in Douglas county Register of Deeds office on

March15, 2017.  Signed by (non party) Mr. Bill Koch Document Control Officer for

Select Port Folio Servicing 3815 South West Temple Salt Lake City, Utah and notarized by

Susan L. Johnson on a separate page with the new 2016 headquarter address (3217 S. Decker

Lake  Drive) Salt Lake County, UT.

Corporate Assignment presented with the proof of claim in the instant case purports

to assign the Debtor's Deed of Trust names US Bank National Association as Trustee for

PRP II Pals investment as Assignee and Bank of New York Mellon Trust Company N.A. as

Assignor.

4.3 Based upon information and belief, the Debtors aver  that Bank of New York Mellon Trust

Company N.A. is recorded outside the chain of title.

Assignment is not valid, it is a false and/or otherwise fraudulent document.

4.4 The Debtors aver that the Assignment presented in this case has what appears to have an unauthorized signature of Mr. Koch.

4.5 One or more of the Defendants and its/their respective attorneys and agent(s) at all times relevant knew or should have known the Assignment is a false document.

4.6 One or more of the Defendants and its/their respective attorneys and agents submitted the Assignment, a false document, for the purpose of enticing the reliance of the Court, the Debtors, Chapter 13 Trustee and all interested parties.

4.7 Plaintiffs object to the Proof of Claim on the following grounds:

4.8 The Note affixed to the proof of claim as per FRBP 3001(c) and FRBP 9011 to be a duplicate of the original. The Note attached to the proof of claim in this case is in favor of WMC Mortgage Corp and is otherwise not endorsed to the Claimant.

4.9 The Deed of Trust affixed to the to the proof of claim is required and certified to be true copy of the original as per FRBP 3001(c) and 9011 to be a duplicate of the original. The Deed of Trust is in favor of the lender, WMC Mortgage Corp., not the named creditor. There is no valid assignment of the Plaintiff's note attached to the proof of claim only the assignment of the Deed of Trust.

4.10 The Proof of Claim is padded with unsubstantiated fees and charges, designed to extract additional and substantial profits from the servicing of Debtors' mortgage loan and from the property of this bankruptcy estate to the detriment of Debtors and unsecured creditors.

4.11 Claimant failed to attach any supporting documentation to support its claims for any of the charges and fees and add on expenses noted in the proof of claim. This failure to attach supporting documentation violated Bankruptcy Rule 3001(c).

4.12 Upon information and belief, the claimed fees, late fees, NSF fees, and costs were neither reasonable nor necessary, are not supported by time and expense records, and have been

claimed in violation of Section 506(b) of the code and Bankruptcy Rule 2016(a).

4.13 Upon information and belief, Claimant does not have standing, and has not

established that it acquired the note and the mortgage as required by law and

Claimant has further failed its burden of proving the debt it alleges is owed to it.

## B. LACK OF STANDING / REAL PARTY IN INTEREST

4.14 The allegations in paragraphs 1.1 through 4.13 of this complaint are re-alleged

and incorporated herein by this reference.

4.15 There is no documentation provided in Proof of Claim proving a complete chain

of title from the originating lender, WMC Mortgage Corp ., to the Claimant.

4.16 The creditor must prove that it is the real party in interest as the rightful owner

and holder of both the Note and the Mortgage and that it has the legal right to

enforce the same; Defendants have failed to meet this burden.

4.17 There was no writing filed with the Proof of Claim demonstrating the purported

creditor's interest on the property securing such claim in violation of B.R. 3001(c).

4.18 There is no apparent chain of transfers attached to the proof of claim to explain

how or when the purported creditor came to allegedly own the Debtors' loan.

4.19 A federal Court cannot have jurisdiction unless a party has constitutional

standing. The claimant fails to provide any credible evidence as to if and when a

negotiation of the Note to the Creditor ever occurred.

4.20 Defendants are therefore, neither a creditor or the real party in interest and have

no standing to file the instant claim.

4.21 Defendants have no constitutional standing to file its sworn proof of claim in the

Plaintiffs 's Chapter 13 case.

4.22 In the bankruptcy courts, procedure is governed by the Federal Rules of

Bankruptcy and Civil Procedure. Procedure has an undeniable impact on the issue of

who can assert a claim as a holder, because pleading and standing issues which arise

in the context of our federal court system. According F.R.Civ. Pro. 17, "an action

must be prosecuted in the name of the real party in interest. (emphasis added)

4.23 A Proof of Claim is subject to Fed.Rules Bankr. Pro. 7017 which is a restatement of F. R.

Civ. P. 17.

4.24 The Plaintiffs avers that the real party in interest in a federal action to enforce a

note, whether in bankruptcy court or federal district court, is the owner of a note.

Because the actual name of the actual note owner is not stated and there is no

connection between the named creditor and the undated copy of the Note provided, the

Defendants' very claim is defective.

4.25 In the case at bar, the claimant, Defendants establish only that they are neither

the holder nor the owner of the note. Defendants fail to establish that it has a

beneficial interest in the undated copy of the Note, or that it ever had a beneficial interest in

the undated copy of the Note affixed to its proof of claim.

4.26 The United States Constitution Article III §2 specifically limits the jurisdiction of

the federal courts to "Cases or  Controversies." Justice Powell delivered the Opinion

of the Supreme Court in the case of <u>Warth v. Seldin</u> addressing the question of

standing in a federal court as follows:

*"In essence, the question of standing is whether the litigant is entitled to have the court decide the merits
of the dispute or of the particular issues. This query involves both constitutional limitations on federal
court jurisdiction and prudential limitations on its exercise. In its constitutional dimension, standing
imports judiciability:  whether the Plaintiffs has made out a —case or controversy⎹ between himself and
the Defendants within the meaning of Art.III. This is the threshold question in every federal case,
determining the power of the court to entertain the suit. As an aspect of judiciability, the standing
question is whether the Plaintiffs has —alleged such a personal stake in the outcome of the controversy⎹
as to warrant his invocation of federal –court jurisdiction and to justify exercise of the court's remedial
powers on his behalf. <u>Baker v. Carr</u> 369U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962). The Art. III
judicial power exists only to redress or otherwise to protect against injury to the complaining party...A
Federal court's jurisdiction therefore can be invoked only when the Plaintiffs himself has suffered
—some threat or actual injury resulting from the putatively illegal action...⎹ Linda R.S. v. Richard D.,*

*410 U.S. 614,617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973).* Warth v. Seldin 422U.S.490,498
*(1975)Apart from this minimum constitutional mandate, this Court has recognized other limits on the*
*class of persons who may invoke the courts' decisional and remedial powers. ... even when the* **Plantiffs**
**has alleged injury sufficient to meet the —case or controversy‖ requirement, this Court has held that**
**the Plantiffs generally must assert his own legal rights and interests and cannot rest his claim to relief**
**on the legal rights or interests of third parties.** *E.g.,Tilestion v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87*
*L.Ed. 603 (1943).* Warth v.Seldin 422U.S.490, 499 (1975) (emphasis added)

4.27 The Plaintiffs in the instant case reiterate that a party seeking relief in any Federal

Court "bears the burden of demonstrating standing and must plead its components

with specificity."

Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999). Again, the

minimum constitutional requirements for standing are: proof of injury in fact,

causation, and redressability. Valley Forge Christian College v Americans United for

Separation of Church & State, Inc., 454

U.S. 464, 473 (1982). Furthermore, in order to satisfy the requirements of Article III of

the United States Constitution, any claimant asserting rights in a Federal Court must

show he has personally suffered some actual injury as a result of the conduct of the

adverse party. Coyne, 183 F.3d at 494; Valley Forge, 454 U.S. at 472.

4.28 As set forth hereinabove, the claimant can make no assertions as to its own

interest in the outcome of the instant claim it is making, nor does claimant make any

mention of any perceived injury to itself.

4.29 Defendants have not shown that the named creditor has any stake in the

ownership of the Note and Deed of Trust as either a holder or owner. Any attempt to

indicate themselves as an owner of the Plaintiffs 's loan has been by way of

fraudulent and misleading documents by persons who lack any personal knowledge.

4.30 Defendant must demonstrate *how, when and from whom* it derived their

alleged rights .

In re Tandala Mims, 10- 14030 (mg/scc), the Hon. Judge Martin Glen denied Wells

Fargo's first attempted Motion for Relief from Stay on the Court's own motion in a

written opinion dated October 27, 2010. Thereafter, Wells Fargo renewed its motion a

second time, claiming, in part, possession of the original note endorsed in blank. The

court was not convinced, stating in its December 9, 2010 Order denying Wells

Fargo's Renewed Motion for Relief From Stay as follows:

*"With respect to the assignment of the note and mortgage, the October 27*

*Opinion stated: 'An assignment in anticipation of bringing a lift-stay motion*

*does not in and of itself indicate bad faith. However, in the absence of a credible*

*explanation, describing how, when and from whom Wells Fargo derived its*

*rights, relief from the stay will not be granted.' Mims, 438 B.R. at 57 (emphasis*

*added). The Renewed Motion provides some but not all of this information."*

*A copy of Judge Glenn's order denying Wells Fargo's Renewed Motion for Relief*

*from Stay appears in the Mims ECF Docket as Document #42.*

4.31 In the instant case as in the Mims case, there is a complete lack of any credible

explanation describing how, when and from whom Defendants derived any rights.

There is a clear question of fact as to the issue of Defendants standing to bring a claim.

4.32 To the extent SN  Servicing and US Bank National Association filed the Proof

of Claim, it constitutes a gross and willful violation of the Automatic Stay pursuant to

11 U.S.C. section 362(a)(4) by the Defendants.

4.33 As a result of the violation of the automatic stay as described herein, all

Defendants are liable to the Plantiffs for actual damages, punitive damages and legal

fees under 362(k)(1) of the Bankruptcy Code.


**V. CLAIM FOR RELIEF: DECLARATORY JUDGMENT**

5.1 The allegations in paragraphs 1.1 through 4.33 of this complaint are re-alleged and incorporated herein by this reference.

5.2 At no time relevant to the allegations herein was the claimant identified in the proof of claim the actual holder and the lawful owner of the mortgage note originally signed by the Plaintiffs .

5.3 Therefore, the Defendants have no constitutional standing to file a claim or otherwise participate in this Chapter 13 proceeding.

5.4 Because the Defendants are not the actual holder and lawful owner or assignee of the Deed of Trust, Defendants have no valid security interest, and no right to seek to collect money from Plaintiffs .

5.5 As a result thereof the Defendants should be ordered to pay back to the Chapter 13 Trustee all funds received on the arrearage claim and all funds received from the Plaintiffs  in the form of direct mortgage payments, pre and post-petition.

5.6 Plaintiffs seeks a declaratory judgment holding that neither Defendant has an enforceable secured or unsecured claim against the property of the estate in bankruptcy; and

5.7 Plaintiffs also seeks a judgment declaring Defendants' claimed security interest void pursuant to 11 U.S.C. § 506(d).

## VI. CLAIM FOR RELIEF: FRAUD ON THE COURT INCLUDING FALSE AND FRAUDULENT PROOF OF CLAIM

6.1 The allegations in paragraphs 1.1 through 5.7 of this complaint are re-alleged and incorporated herein by this reference.

6.2 The proof of claim filed by SN Servicing  and/or by U.S. Bank National Association was false and fraudulent for the following reasons:

A.  It included a copy of a undated Note indorsed in blank favoring the original lender WMC Mortgage Corp. and bearing no endorsement to U.S. Bank National Association, As Trustee.

B.  U.S. Bank National Association, As Trustee, does not actually own the Plaintiffs s' note or have constitutional standing to file a proof of claim;

C.  It includes fees that were excessive, unsubstantiated and/or that were neither reasonable nor necessary;

D.  It includes a false and/or otherwise fraudulent and/or otherwise invalid Assignment of Deed.

6.3 This Court has authority under 11 U.S.C. § 105(a) to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

6.4 The Court should impose sanctions on Defendants for filing an improper claim in this case. Plaintiffs therefore requests that Court invoke the powers granted to it by 11 U.S.C. § 105(1) and issue such order, process or judgment necessary to address the fraud of the Defendants and to prevent any future fraud or abuse of process. In the alternative, the Plantiffs requests this Court to waive the pre-notice time requirements of Rule 9011 of the Bankruptcy Rules and to impose sanctions under that Rule.

**WHEREFORE, Plaintiffs prays:**

A. That the Court disallow, expunge and strike the Proof of Claim.

B. That the Court direct the Chapter 13 Trustee to strike the Proof of Claim;

C. That SN Servicing, Corporation and U.S. Bank National Association be precluded from filing any amended, modified, or substitute claim in this case;

D. That the alleged arrearages contained in the Proof of Claim be canceled and forever discharged;

E. That Claimant be required to pay legal fees and expenses.

F. That the Claimant provide a complete accounting of the Debtors' mortgage loan account, forthwith.

G. That Defendant's claimed security interest be declared void pursuant to 11 U.S.C. §506(d); and

H. That Plaintiffs s have such other and further relief as the Court may deem just and proper.

WHEREFORE, Plaintiffs prays that the Court grant the relief requested herein.

This 3rd day of September  2019

RESPECTFULLY SUBMITTED,

Ronnie Jerome Eggerson , Pro Se

8708 North 52nd Ave

Omaha, Nebraska 68152

(402) 707-0590

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2019, a true and correct copy of the foregoing pleading was forwarded by certified mail to  Kristin A. Zilberstein, the attorney for US Bank  at 1920 Old Tustin Avenue Santa Ana, CA 92705.